UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM A. O'DELL**

        **Plaintiff,**

-vs-                                            Case No. 6:06-cv-677-Orl-19DAB

**OLLIE DOYCHAK, HOWARD RAY O'DELL, UAW LEGAL SERVICES PLAN-567, TARA GRIGAT, MARK B. DAVIS, EXPRESS PARALEGAL SERVICES, INC., CANDICE L. MIRAVALLE**

        **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Defendant UAW-Legal Services Plan-567's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 7, filed on May 26, 2006);

2. Defendant UAW Legal Services Plan-567's Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 8, filed on May 26, 2006); and

3. Plaintiff William A. O'Dell's Response in Opposition to Defendant UAW Legal Services Plan-567's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 14, filed on June 1, 2006).

### Background

The following allegations are drawn from Plaintiff William O'Dell's Complaint. (Doc. No. 38, filed on May 17, 2005).

On July 8, 1999, Ollie Doychak asked William O'Dell to pay off a mortgage on 2256 Smathers Circle South, Melbourne Florida. (*Id.* at ¶¶ 3, 13). Doychak told William O'Dell that she and her husband (now deceased) would execute a deed reserving only a life estate for each of them with a remainder interest in O'Dell. (*Id.*) Doychak and her husband asked William O'Dell for $28,000 to pay off the balance of the mortgage. (*Id.*) On July 16, 1999, William O'Dell provided the funds requested to pay off the mortgage, and the deed was subsequently recorded in Brevard County, Florida. (*Id.* at ¶ 14). On July 16, 1999 Ollie Doychak and her spouse conveyed by deed her residence at 2256 Smathers Circle South, Melbourne Florida. (Ex. A).

After Ollie Doychak's husband died, Doychak executed a new document with herself as the grantor. (Ex. D). The document purported to grant to Doychak a life estate and named Howard O'Dell as the remainderman. (*Id.*) The deed was recorded on November 17, 2004. (*Id.*)

On May 11, 2005, Doychak executed another document with herself as the grantor and Howard O'Dell as the remainderman. (Ex. E). In this document, Doychak reserved a life estate for herself and the right to commit waste without permission from the remainderman. (*Id.*)

On November 14, 2004, Doychak filed suit against William O'Dell in the Eighteenth Judicial Circuit Court in Brevard County, Florida in an effort to rescind the 1999 deed. (*Id.* at ¶ 3) (Doc. No. 8, Ex. 1). William O'Dell filed a counter-complaint in the Eighteenth Judicial Circuit that is substantially similar to the present federal action. (Doc. No. 8, Ex. 2). In the state case, O'Dell requested $5,000 in general damages and $75,000 in punitive damages against each defendant. (*Id.* at ¶ 19). On May 3, 2006, the state trial court entered an Order reflecting the withdrawal of O'Dell's pleading. (Ex. 3). The Florida action against William O'Dell is continuing as to Doychak's complaint in which she seeks to void the 1999 deed. (Doc. No. 8, pp. 4-5).

In the complaint in the instant case, Plaintiff William O'Dell has filed suit against Defendants Ollie Doychak, Howard O'Dell, UAW Legal Services Plan-567, Tara Grigat, Mark Davis, Express Paralegal Services, Inc., and Candice Miravalle. Plaintiff claims that Defendants violated the Due Process and Equal Protection Clauses of the Constitution, that Defendant Doychak created false documents and filed a fraudulent civil action in Florida state court, and that Defendants Howard O'Dell, UAW-Legal Services Plan-567, Tara Grigat, Mark Davis, Express Paralegal Services, Inc., and Candice Miravalle were actors in a conspiracy to produce and record a fraudulent deed. Plaintiff demands $25,000 in general damages and $75,000 in punitive damages against each Defendant. (Doc. No. 2, ¶ 42).

On May 26, 2006, Defendant UAW Legal Services Plan-567 filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 7). Defendant argues that Plaintiff has not been damaged under state law, that Plaintiff cannot meet the jurisdictional amount even if he has been damaged, that Plaintiff fails to allege federal question jurisdiction, and that the Court should refrain from adjudicating this suit based on the abstention doctrine.

On June 1, 2006, Plaintiff filed a Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 14).

This Order analyzes Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**Standard of Review**

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either "facial" or "factual." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" on the complaint require the Court to examine the complaint to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are

taken as true for the purposes of the motion. *Id.* at 1529. (internal citations omitted). On the other and, "factual attacks" challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings are considered. *Id.* (internal citation omitted). The two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. *Id.* In other words, the Court must consider the allegations of the complaint to be true. *Id.* (internal citation omitted). When the attack is factual, the trial court may proceed as it never could under Rule 12(b)(6) or Rule 56. *Id.* Because at issue in a motion to dismiss for lack of subject matter jurisdiction is the Court's very power to hear the case, there is substantial authority that the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.* In a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the Court from evaluating the merits of jurisdictional claims. *Id.* (internal citations omitted).

**Analysis**

In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. section 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. section 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). While Plaintiff alleges several federal causes of action under the United States Constitution in his Complaint, absent from the Complaint is any allegation of state action. Because there is no allegation of state action, Plaintiff has failed to allege a cause of action under the Constitution. *See, e.g., Mitchell v. West Feliciana Parish School Bd.*, 507 F.2d 662, 665 (5th Cir. 1975) ("For plaintiffs to prevail, it is necessary that they show state action which deprived them of rights, privileges or immunities secured them by the federal laws or

Constitution).  Thus, there is no federal question jurisdiction.

Plaintiff has not alleged a cause of action under a specific federal statutory grant.  Thus, the only remaining basis for subject matter jurisdiction is diversity of citizenship.  Plaintiff has listed the addresses of himself and Defendants in the caption portion of his Complaint, but Plaintiff has not alleged the citizenship of himself or Plaintiffs in the allegations section of the Complaint.  Because Plaintiff has not alleged the citizenship of the parties, the Court lacks subject matter jurisdiction to adjudicate this case.  *See, e.g., Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

## Conclusion

Based on the foregoing, the Court **GRANTS** Defendant UAW-Legal Services Plan-567's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. No. 7).  Plaintiff William O'Dell has ten days from the date of this Order to file an Amended Complaint which complies with this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June __26,____ 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record