UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. O'DELL

       Plaintiff,

-vs-                                 Case No.  6:06-cv-677-Orl-19DAB

OLLIE DOYCHAK, HOWARD RAY
O'DELL, UAW LEGAL SERVICES PLAN-
567, TARA GRIGAT, MARK B. DAVIS,
EXPRESS PARALEGAL SERVICES, INC.,
CANDICE L. MIRAVALLE

       Defendants.
_____

# ORDER

This case comes before the Court on the following:

1.      The Joint Motion to Dismiss of Defendants Ollie Doychak and Howard Ray O'Dell.
(Doc. No. 4, filed on May 17, 2006);

2.      The Motion of Plaintiff William O'Dell Contra to Defendants' Joint Motion to Dismiss.
(Doc. No. 16, filed June 2, 2006);

3.      The Motion of Plaintiff William O'Dell Contra and Brief in Support to All Defendants'
Motions to Dismiss and all Defendants' Motion to Quash Service on Two Defendants
Filed by all Defendants as of this date.  (Doc. No. 29, filed June 28, 2006); and

4.      The Motion of Plaintiff William O'Dell for the Court's Reconsideration of the Court's
Analysis and Conclusions Contained in its Order of June 26, 2006.  (Doc. No. 36, filed
July 17, 2006).

5.      Defendants' Brief in Opposition to Plaintiff's Motion for Reconsideration.  (Doc. No.

        37, filed July 25, 2006).

## Background

The following allegations are drawn from Plaintiff William O'Dell's Complaint.  (Doc. No. 2,

filed on May 17, 2005).

On July 8, 1999, Ollie Doychak asked William O'Dell to pay off a mortgage on 2256 Smathers

Circle South, Melbourne Florida.  (*Id.* at ¶¶ 3, 13).  In return Doychak told William O'Dell that she

and her husband (now deceased) would execute a deed reserving only a life estate for each of them

with a remainder interest in O'Dell.  (*Id.* at ¶13).  Doychak and her husband asked William O'Dell for

$28,000 to pay off the balance of the mortgage.  (*Id.*)  On July 16, 1999, William O'Dell provided the

funds requested, and the deed to the property was subsequently recorded in Brevard County, Florida.

(*Id.* at ¶ 14).  On July 16, 1999, Ollie Doychak and her spouse conveyed by deed to William O'Dell

her residence at 2256 Smathers Circle South, Melbourne, Florida.  (Ex. A).

After Ollie Doychak's husband died, Doychak executed a new document with herself as the

grantor.  (Ex. D).  The document purported to grant to Doychak a life estate and named Howard

O'Dell as the remainderman.  (*Id.*)  The deed was recorded on November 17, 2004.  (*Id.*)

On May 11, 2005, Doychak executed another document with herself as the grantor and Howard

O'Dell as the remainderman.  (Ex. E).  In this document, Doychak reserved a life estate for herself and

the right to commit waste without permission from the remainderman.  (*Id.*)

On November 14, 2004, Doychak filed suit against William O'Dell in the Eighteenth Judicial

Circuit Court in Brevard County, Florida in an effort to rescind the 1999 deed.  (*Id.* at ¶ 3) (Doc. No. 8,

Ex. 1).  William O'Dell filed a document referred to as a "Cross-Complaint and Counterclaim" in the

Eighteenth Judicial Circuit that is substantially similar to the present federal action.  (Doc. No. 8, Ex. 2).  In the state case, O'Dell requested $5,000 in general damages and $75,000 in punitive damages against each party defendant to the "Cross-Complaint and Counterclaim."  (*Id.* at ¶ 19).  On May 3, 2006, the state trial court entered an Order reflecting the withdrawal of O'Dell's pleading.  (Ex. 3).  The Florida action against William O'Dell is continuing as to Doychak's complaint in which she seeks to void the 1999 deed.  (Doc. No. 8, pp. 4-5).

In the complaint in the instant case, Plaintiff William O'Dell has filed suit against Defendants Ollie Doychak, Howard O'Dell, UAW Legal Services Plan-567, Tara Grigat, Mark Davis, Express Paralegal Services, Inc., and Candice Miravalle.  Plaintiff claims that Defendants violated the Due Process and Equal Protection Clauses of the Constitution, that Defendant Doychak created false documents and filed a fraudulent civil action in Florida state court, and that Defendants Howard O'Dell, UAW-Legal Services Plan-567, Tara Grigat, Mark Davis, Express Paralegal Services, Inc., and Candice Miravalle were actors in a conspiracy to produce and record a fraudulent deed.  Plaintiff demands $25,000 in general damages and $75,000 in punitive damages against each Defendant.  (Doc. No. 2, ¶ 42).

On May 17, 2006, Defendants Ollie Doychak and Howard Ray O'Dell filed a Joint Motion to Dismiss in the instant case which is in effect a Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. No. 4).  In the motion, Defendants argue that Plaintiff has not properly alleged an amount within the jurisdictional limit of the Court.

On June 2, 2006, Plaintiff responded to the Joint Motion to Dismiss of Defendants Ollie Doychak and Howard Ray O'Dell.  (Doc. No. 16).  Plaintiff claims that the property mortgaged in the Complaint is valued between $127,800 and $156,200 and that Plaintiff gave Defendant Ollie Doychak

a benefit worth $104,272.

On May 26, 2006, Defendant UAW Legal Services Plan-567 filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. No. 7).

On June 27, 2006, the Court granted Defendant UAW-Legal Services Plan-567's Motion to Dismiss for Lack of Subject Matter Jurisdiction for the failure of Plaintiff to allege the citizenship of Defendants and gave Plaintiff ten days from the date of the Order to file an Amended Complaint which properly alleged the citizenship of the parties.  (Doc. No. 25).  The Court also found that Plaintiff had not alleged federal question jurisdiction because there was no allegation of state action in the Complaint.

On June 28, 2006, without seeking leave from the Court, Plaintiff filed a Motion Contra and Brief in Support to All Defendant's [sic] Motion to Dismiss and all Defendant's [sic] Motions to Quash Service on Two Defendants.[1]  (Doc. No. 29).

On July 7, 2006, Plaintiff filed a document entitled "Amended Complaint."  The document contains three paragraphs and attempts to amend paragraphs listed in the first Complaint.  (Doc. No. 35).  This violates the Local Rule that any amendment must set forth the pleading in its entirety without incorporation of all or portions of other documents by reference.  Local Rule 4.01(a).

On July 17, 2006, Plaintiff filed a Motion for Reconsideration of the Court's Order granting

---

[1] This brief is an improper reply under Local Rule 3.01(b) which provides:

Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested.  No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court.

Defendant UAW-Legal Services Plan 567's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 36).  Plaintiff argues that the Complaint alleges state action because five of the seven Defendants were operating under licenses of the State of Florida.

This Order analyzes Defendants' Joint Motion to Dismiss and Plaintiff's Motion for Reconsideration.

<u>**Defendants' Joint Motion to Dismiss**</u>

**Standard of Review**

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either "facial" or "factual."  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  "Facial attacks" on the complaint require the Court to examine the complaint to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion.  *Id.* at 1529.  (internal citations omitted).  On the other hand, "factual attacks" challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings are considered.  *Id.*  (internal citation omitted).  The two forms of attack differ substantially.  On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.  *Id.*  When the attack is factual, the trial court may proceed as it never could under Rule 12(b)(6) or Rule 56.  *Id.*  Because at issue in a motion to dismiss for lack of subject matter jurisdiction is the Court's very power to hear the case, there is substantial authority that the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *Id.*  In a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the Court from evaluating the merits of jurisdictional claims.  *Id.*  (internal citations omitted).

### Analysis

Defendants argue that Plaintiff fails to allege an amount in controversy within the jurisdictional limits of the Court.  In his Complaint, Plaintiff demands general damages in the amount of $25,000 and $75,000 in punitive damages.  (Doc. No. 2, ¶ 42).  Defendants attack this amount on the grounds that Plaintiff sought $5,000 in general damages in the state suit and that more factual specificity is needed as to the $75,000 in punitive damages.  (Doc. No. 8, pp. 7-8).

"Federal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins., Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).  In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim that the amount in controversy exceeds $75,000 and that the plaintiff on the one hand and the defendants on the other are citizens of different states or countries.[2]  28 U.S.C. § 1332(a).  A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938).  Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *Id.* at 289.

Although a district court owes some deference to a diversity plaintiff's amount in controversy allegations and should dismiss only when it is apparent to a legal certainty that the plaintiff cannot recover the requisite amount in controversy, that deference "does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations."  *Morrison v. Allstate Indem Co.*, 228 F.3d 1255,

---

[2] 28 U.S.C. section 1332 provides that district courts have "original jurisdictions of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and where the litigants are citizens of different states, citizens of a state and citizens of a foreign state, citizens of different states and in which citizens of foreign states are joined as additional parties, and a foreign state as plaintiff and citizens of a state or of different states.  28 U.S.C. § 1332(a).

1272 (11th Cir. 2000). While a federal court must give due credit to the good faith allegations of the plaintiff, "a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Id.* (internal citations omitted). Legal certainty is a "very strict objective standard," and once it is clear that as a matter of law the claim is for less than the jurisdictional amount, the district court is required to dismiss. *Id.* (internal citations omitted).

In support of his argument that he has alleged the appropriate jurisdictional amount, Plaintiff has submitted Exhibit M which is a purported estimate of the value of Defendant Ollie Doychak's home. (Doc. No. 16, Ex. M). Exhibit M has not been properly authenticated, and the Court cannot consider it in evaluating Plaintiff's claim that he has properly alleged the jurisdictional amount. FED. R. EVID. 901(a).[3]

Furthermore, while Plaintiff claims in his brief in opposition to Defendants' motion that he has alleged an amount in controversy in excess of $75,000, Plaintiff has not submitted any evidence supporting his allegation that the jurisdictional requirement has been met. Plaintiff alleges conspiracy and fraud against Defendants for interfering with his property rights, but the Court's review of these allegations leaves a troubling question as to how these conspiracies and frauds entitle Plaintiff to $25,000 in general damages and $75,000 in punitive damages from each Defendant.[4] In other words,

---

[3] Federal Rule of Evidence 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

[4] The general rule regarding the aggregation of claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants in which the claims against each of them are separate and distinct, the test of jurisdiction is the amount of each claim and not their aggregate. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (internal citations omitted). If two defendants are jointly liable to the plaintiff, claims against these defendants may be aggregated for the purpose of attaining the jurisdictional amount. *Id.* (internal citation omitted). In the instant case, Plaintiff alleges that Defendants acted in concert

there is no way for the Court to determine from these conclusory allegations whether the amount in controversy requirement has been alleged.[5]

Under Federal Rule of Civil Procedure 8, Plaintiff has the obligation to set forth a short and plain statement of the grounds upon which the Court's jurisdiction rests. FED. R. CIV. P. 8(a). Plaintiff has failed to allege the citizenship of Defendants, and the jurisdictional amount in controversy has not been appropriately alleged. Plaintiff may not rely on conclusory allegations of frauds and conspiracies in an attempt to allege the jurisdictional amount in controversy.

Defendants' Joint Motion to Dismiss is not a factual attack on subject matter jurisdiction. Rather, Defendants' motion attacks the face of the Complaint. Thus, Plaintiff can remedy this problem by properly alleging subject matter jurisdiction in the Complaint. Because Plaintiff has not properly alleged subject matter jurisdiction, the Court grants Defendants' Joint Motion to Dismiss and gives Plaintiff leave to amend his Complaint in order to properly allege subject matter jurisdiction.

Finally, Plaintiff's purported Amended Complaint at Docket Number 35, which attempts to amend paragraphs in the initial Complaint, has not been submitted in the proper form. An Amended

---

"jointly and severally" in perpetrating a conspiracy. (Doc. No. 2, ¶ 3)
    Punitive damages may be considered in determining the jurisdictional amount in controversy unless it is apparent to a legal certainty that such damages cannot be recovered. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted).

    [5] In the instant case, Defendants have disputed Plaintiff's allegation that he is entitled to $25,000 in general damages and $75,000 in punitive damages from each Defendant. When the attack on subject matter jurisdiction is facial in nature, as in the instant case, the Court may consider the allegations of the Complaint as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). However, the deference afforded to Plaintiff's allegations "does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000). In other words, the Court would be shirking its obligation if it accepted Plaintiff's conclusory allegations at face value. *See id.*

Complaint should reallege all claims and allegations in their entirety and not selectively amend

paragraphs in a piecemeal manner.  *See* Local Rule 4.01(a).

## Plaintiff's Motion for Reconsideration

### Standard of Review

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of

either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief form

judgment).  *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th

Cir. 1993).  The decision to grant such relief is committed to the sound discretion of the Court and will

not be overturned on appeal absent an abuse of discretion.  *Id.* at 806.  The purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.

*Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002).  There are

three grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Id.*  In order to

reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and

the moving party must set forth facts or law of a strongly convincing nature to induce the Court to

reverse its prior decision.  *Id.*  A motion for reconsideration should not be used to reiterate arguments

previously made.  *Id.*  Reconsideration of a previous order is an extraordinary remedy to be employed

sparingly.  *Id.*

### Analysis

Plaintiff asks the Court to reconsider its Order dismissing his Complaint for lack of subject

matter jurisdiction.  The Court found that Plaintiff had not alleged state action, and, thus, federal

question jurisdiction was lacking.  Plaintiff argues that he alleged state action because five of the seven

-9-

Defendants were operating under Florida licenses.  Two Defendants are licensed attorneys, one Defendant is a licensed paralegal, and two Defendants are licensed to deal in matters of the law.

Merely holding a law license does not render conduct state action for the purpose of liability under 42 U.S.C. section 1983.  The Supreme Court has determined that even court-appointed public defenders paid by the state do not act under color of state law for purposes of section 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Likewise, privately retained attorneys do not act under color of state law pursuant to section 1983 merely because they hold a law license.  *Henderson v. Fisher*, 631 F.2d 1115, 1119 (3d Cir. 1980) (explaining that liability under section 1983 "cannot be predicated solely on the state's licensing of attorneys.").  As for the other two Defendants who are allegedly licensed to deal in matters of the law, the mere act of holding a license is insufficient to implicate state action.  *See, e.g., Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972) (finding no state action on part of private club enjoying benefits of state liquor license).  Therefore, the Court denies Plaintiff's Motion for Reconsideration.

## Conclusion

Based on the foregoing, the Court rules as follows:

1.      The Joint Motion to Dismiss of Defendants Ollie Doychak and Howard Ray O'Dell is **GRANTED**.  (Doc. No. 4)

2.      Plaintiff's Amended Complaint at Docket Number 35 is stricken because it violates the Local Rules of this Court .

3.      Plaintiff's Motion for Reconsideration is **DENIED**.  (Doc. No. 36).

4.      Plaintiff has ten (10) days from the date of this Order to file an Amended Complaint

that complies with this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July _26,_____ 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Parties
Counsel of Record