UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. O'DELL

        Plaintiff,

-vs-                                             Case No.  6:06-cv-677-Orl-19KRS

OLLIE DOYCHAK, HOWARD RAY
O'DELL, UAW LEGAL SERVICES PLAN-
567, TARA GRIGAT, MARK B. DAVIS,
EXPRESS PARALEGAL SERVICES, INC.,
CANDICE L. MIRAVALLE

        Defendants.
_____

## ORDER

This case comes before the Court on:

1.      Amended Complaint of Plaintiff William O'Dell.  (Doc. No. 39-1, filed Aug. 7, 2006);

2.      Motion to Dismiss for Failure to State a Claim Under FRCivP 12(b)(6) of Defendants UAW Legal Services Plan, Ollie Doychak and Howard Ray O'Dell. (Doc. No. 40, filed Aug. 14, 2006);

3.      Memoranda in Support of its Motion to Dismiss Under Rule 12(b)(6) of Defendants Ollie Doychak and Howard Ray O'Dell. (Doc. No. 41, filed Aug. 14, 2006); and

-1-

4.      September 8, 2006 Response and Answer to Defendant's Motion and Brief in
        Support of its Motion to Dismiss For Failure to State a Claim Upon Which Relief
        Can be Granted Dated August 14, 2006.  (Doc. No. 47, filed Sept. 12, 2006).

## Background

The following allegations are taken from the Plaintiff William O'Dell's Amended Complaint. (Doc. No. 39-1, filed Aug. 7, 2006).

On or about July 8, 1999, the Defendant Ollie Doychak asked Plaintiff to pay the remaining balance of the mortgage on her property located at 2256 Smathers Circle South, Melbourne, Florida 32935.  (*Id.* at ¶¶ 5, 21).  In exchange for paying the $28,000 remaining on the mortgage, Doychak promised that she and her husband, now deceased, would execute a deed granting the property to Plaintiff and reserving only a life estate for themselves. (*Id.* at ¶ 21).  On July 16, 1999, Doychak and her deceased husband executed a deed granting the property to Plaintiff, which was subsequently recorded in Brevard County, Florida.  (*Id.* at ¶ 22).

On November 17, 2004, Doychak executed a new deed for this property reserving a life estate for herself and granting the remainder to Defendant Howard O'Dell.  (*Id.* at ¶ 32).  Doychak and Howard O'Dell enlisted the assistance of other Defendants UAW Legal Services Plan, Mark B. Davis and Tara Grigat to prepare and record this false deed with the intent to defraud Plaintiff of his property.  (*Id.* at ¶¶ 5, 6, 32).  This deed was unsuccessful in terminating Plaintiff's ownership.  (*See id.* at ¶¶ 5-7, 11).

Next, Plaintiff alleges that on May 11, 2005, Defendants Doychak and O'Dell enlisted other named Defendants Express Paralegal Services and Candice Miravalle to prepare and file a second false deed again attempting to reserve a life estate for Doychak and grant the remainder to Howard

-2-

O'Dell.[1]  (*Id.* at ¶¶ 7, 8, 34).

Finally, Plaintiff alleges that Defendants filed a lawsuit against him in state court to deprive

him of his property.  (*Id.* at ¶¶ 14-20).  This lawsuit is currently pending in the Eighteenth Judicial

Circuit of Brevard County and is styled *Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439.[2]

(Doc. No. 47, ¶ 4, filed Sept. 12, 2006).

Plaintiff avers that all named Defendants conspired to file false deeds and deprive him of his

property and that depriving him of his property violates the Due Process and Equal Protection

clauses of the United States and Florida Constitutions.[3]  (Doc. No. 39-1, ¶¶ 3, 4).

Defendants UAW Legal Services Plan, Ollie Doychak and Howard O'Dell [hereinafter

"Movants"] filed a motion to dismiss Plaintiff's Amended Complaint, (Doc. No. 40, filed Aug. 14,

2006), and a Memoranda in Support of their motion.  (Doc. No. 41, filed Aug. 14, 2006).  Plaintiff

has filed a Response in Opposition to Defendants' motion.  (Doc. No. 47, filed Sept. 12, 2006).

### Standard of Review

For purposes of a motion to dismiss, the Court must accept all allegations in the plaintiff's

complaint as true and construe all facts in the light most favorable to the plaintiff.  *Harper v.*

---

[1] According to Plaintiff, this attempt was unsuccessful.  (*See* Doc No. 39-1, ¶¶ 7, 8, 10, 11, 13, filed Aug. 7, 2006).

[2]  Pursuant to Federal Rule of Evidence 201, the Court is taking judicial notice of the pending state case and its docket entries.  The Court is taking judicial notice of all documents filed in this proceeding but not of the facts contained in those documents.  *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

[3] Plaintiff alleges that all of Defendants' actions were unsuccessful (*see* Doc No. 39-1, ¶¶ 23, 24, 25, 29, filed Aug. 7, 2006) and that he is still the owner of the property in question.  (*See id.* at ¶¶ 32, 34, 40, 45, 46, p. 19; Doc. No. 39-2, pp. 10-11, filed Aug. 7, 2006).  Finally, Plaintiff alleges that Defendants admit he still owns the property.  (Doc. No. 39-1, ¶ 37; Doc. No. 39-2, p. 9).

*Thomas,* 988 F.2d 101, 103 (11th Cir. 1993).  Furthermore, the Court must limit its consideration

to the pleadings and the exhibits attached thereto.  Fed. R. Civ. P. 10(c)); *GSW, Inc. v. Long County,*

*Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).  The complaint should not be dismissed unless it is clear,

beyond doubt, that the plaintiff can prove no set of facts which entitle him to relief.  *GSW, Inc.*, 999

F.2d at 1510.

## Analysis

### I.      Plaintiff's Federal Constitutional Claims and Civil Rights Claims

Plaintiff alleges that Defendants' actions deprived him of his property in violation of the Due

Process and Equal Protection Clauses of the United States Constitution and asserts a civil rights

claims against Defendants for deprivation of his Constitutional rights under 42 U.S.C. Sections

1983, 1985(3) and 1986.  (Doc. No. 39-1, p. 2, ¶ 4, filed Aug. 7, 2006).

### A.      42 U.S.C. § 1983

Claims brought for deprivation of civil rights under 42 U.S.C., Section 1983 require the

Plaintiff to prove a state action.   *Arrington v. Helms*, 438 F.3d 1336, 1337 (11th Cir. 2006)

(citations omitted).  In his response to Defendants' motion to dismiss, Plaintiff seems to concede that

he has not alleged a state action.  (*See* Doc. No. 47, p. 6, filed Sept. 12, 2006).  There is no state

action alleged in the Amended Complaint.

In the Amended Complaint, Plaintiff alleges solely that Defendants: (1) held licenses granted

by the state; (2) recorded fraudulent deeds in the public records; and (3) filed a state lawsuit with

the intent to deprive him of his property without due process of law.  (*See* Doc. No. 39-1, ¶ 5, filed

Aug. 7, 2006).  None of these actions are sufficient state action to form the basis of a Civil Rights

Act claim under 42 U.S.C., Section 1983.  First, the fact that some of the Defendants held state

issued licenses does not implicate a state action.  *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 176-77 (1972) (finding no state action on part of private club which held state issued liquor licenses)*; Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir. 1980) ("Although states license lawyers to practice . . . this is an insufficient basis for concluding that lawyers act under the color of state law for the purposes of 42 U.S.C. § 1983.").  Plaintiff's only claims are against private individuals; no state employees or officials are named as Defendants in this case.  Even if Defendants in this case filed fraudulent deeds with the state of Florida as part of a conspiracy to deprive Plaintiff of his property, an individual does not have a cause of action under either section 1983 or 1985(3) when state officials merely perform their official responsibilities, and do not intentionally participate in the fraudulent scheme.  *See Dinwiddle v. Brown*, 230 F.2d 465, 469 (5th Cir. 1956).  Therefore, the recording of allegedly fraudulent deeds in the public records is insufficient to constitute a state action.  Finally, filing a lawsuit in state court does not create a "cause of action under the Civil Rights Act if a case is private litigation in which the state does no more than furnish the forum and has no interest in the outcome."  *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974), *overruled on other grounds* 604 F.2d 976 (5th Cir. 1979).  Plaintiff has failed to state a claim based on 42 U.S.C., Section 1983.

### B.      42 U.S.C. §§ 1985(3) and 1986

Plaintiff also attempts to state a claim under 42 U.S.C., Sections 1985(3) and 1986.  To state a claim under section 1985(3), Plaintiff must allege an invidiously discriminatory animus.  *Park v. City of Atlanta*, 120 F.3d 1157, 1161-62 (11th Cir. 1997).  Nothing in the Amended Complaint alleges a discriminatory animus.  The terms of section 1986 require a violation of section 1985.  42 U.S.C. § 1986, *Park*, 120 F.3d at 1159-60.  Without a section 1985 violation, there is also no section

1986 violation.  Therefore, Plaintiff's claims under 42 U.S.C., Sections 1985(3) and 1986 must be dismissed.

## II.     Plaintiff's Claims Under the Florida Constitution

### A.     Article I, §§ 2, 9

Plaintiff alleges jurisdiction under Article I, Sections 2 and 9 of the Florida Constitution. Article I, Section 2 and 9 of the Florida Constitution also require state action.  *Snipes v. State*, 733 So.2d 1000, 1007 (Fla. 1999) (Article I, § 9 requires a state action); *Schreiner v. McKenzie Tank Lines, Inc.*, 432 So.2d 567, 569-70 (Fla. 1983) (Article I, § 2 requires state action).  Because there is no state action alleged, Plaintiff has not stated claims under Article I, Section 2 or 9 of the Florida Constitution.

### B.     Article I, § 10

Plaintiff also asserts jurisdiction under Article I, Section 10 of the Florida Constitution, which prohibits ex post facto laws and laws that impair the obligation of contracts.  Plaintiff's deed with Defendant Doychak was issued in 1999.  (Doc. No. 39-1, ¶ 18, filed Aug. 7, 2006).  Plaintiff asserts that Defendants are suing Plaintiff in state court under the 2005 version of Florida Statute, Section 415.1111 to deprive him of his property. (*Id.*)  Florida Statute, Section 415.1111, allows a "vulnerable adult" who has been exploited to bring a cause of action for damages against the perpetrator.  Plaintiff alleges that the 2005 version of this law is "an ex post facto law and its use by the Defendants was designed to impair the obligation of the 1999 contract."  (Doc. No. 39-1, ¶ 18). Plaintiff  further alleges that it is improper to use the 2005 version of the Florida law to prosecute him in state court for the 1999 transaction.  (*Id.*)

Plaintiff's ex post facto challenge is without merit because "[t]he prohibition against ex post

facto laws applies to criminal legislation, not to civil proceedings." *Westerheide v. State*, 767 So.2d

637, 647 (Fla. 5th DCA 2000), *review granted,* 786 So.2d 1192 (Fla. 2001), and *decision approved*,

831 So.2d 93 (Fla. 2002); *see Dept. of Corrections v. Goad,* 754 So.2d 95, 97-98 (Fla 1st DCA

2000).

Plaintiff claims the state court case is a violation of the Florida Constitution's Contract

Clause, Fla. Const. art. I, § 10 [hereinafter "Florida Contract Clause"], because Defendant Doychak

has sued under the 2005 version of Florida Statute, Section 415.1111, based on a transaction that

occurred in 1999. The Plaintiff is challenging the constitutionality of Section 415.1111 as it applies

to him. Interpretation of the Florida Constitution is a question of Florida law. Therefore, the federal

courts are bound to follow the decisions of the state courts. *See Geary Distrib. Co. v. All Brand

Imp., Inc.,* 931 F.2d 1431, 1434 (11th Cir. 1991). The Court is unaware of any state case that has

applied Florida's Contract Clause to Florida Statute, Section 415.1111. Thus, the Court will

undertake its own inquiry.

In *Pomponio v. Claridge of Pomponio Condo., Inc.*, 378 So.2d 774, 780 (Fla. 1979), the

Florida Supreme Court interpreted the Florida Contract Clause and adopted a balancing test similar

to the one applied by the Supreme Court in federal contract clause cases. Under the *Pomponio* test,

the Court must determine "whether the state law has, in fact, operated as a substantial impairment

of a contractual relationship." *Id.* at 779. "To determine how much impairment is tolerable, [the

Court] must weigh the degree to which a party's contract rights are statutorily impaired against both

the source of authority under which the state purports to alter the contractual relationship and the

evil which it seeks to remedy." *Id.* at 780. The *Pomponio* court listed three factors to consider when

applying the balancing test: (1) whether the law was passed to combat "a broad, generalized

economic or social problem;" (2) if the area of the law implicated was already subject to state regulation at the time of the parties' contractual obligations; and (3) if the law affects a temporary or permanent, irrevocable change in the parties' contractual relationships. *Id.* at 779 (citations omitted).

Assuming all of Plaintiff's allegations are true and applying the *Pomponio* balancing test, the Court finds that Plaintiff does not have a colorable Florida Contracts Clause claim. First, the substantive rights of the parties to the instant case were not changed. The only relevant change between the 1999 and 2005 versions of the statute at issue is that in the current version the Florida legislature eliminated the requirement that the victim and alleged perpetrator be named in a confirmed report. *Compare* Fla. Stat. § 415.1111 (2005) *with* Fla. Stat. § 415.1111 (1999). Once an incident was reported, the report became confirmed if the perpetrator failed to contest the report or if the report was determined to be valid after a hearing. *See* Fla. Stat. § 415.102(6) (1999). The change in the current statute merely eliminates a procedural obstacle to the victim's ability sue. Plaintiff alleges that the conspiracy to defraud him of his property began in 2004 when the Defendants recorded the two fraudulent deeds. (*See* Doc. No. 39-1, ¶¶ 23, 29, filed Aug. 7, 2006.) The confirmed report requirement was eliminated in 2000, and there are no facts to indicate that Defendant Doychak tried to intentionally subvert the confirmed report requirement. Moreover, if the reporting requirements were still in effect, there are no facts to indicate that Defendant Doychak could not have complied. As there was no substantive change in the parties' rights, the statute does not severely impair the parties' contract rights and does not violate the Florida Contract Clause.

"Minimal alteration of contractual obligations may end the inquiry at the first stage." *Pomponio*, 378 So.2d at 779. However, even if the statute affected a substantial impairment on the

parties' contractual rights, the statute would survive the rest of the *Pomponio* balancing test.  The statement of legislative intent, as codified in the Adult Protective Services Act, indicates that the legislature was acting to prevent people from taking advantage of older and disabled citizens.  *See* Fla. Stat. § 415.101 (2005).  The state has broad authority to regulate to protect the general welfare of its citizens.  Moreover, the evil the state seeks to remedy, the abuse, neglect and exploitation of older and disabled citizens, is recognized by the Florida Legislature as a severe social problem.  *See id.*  Therefore, the Court finds that the application of the 2005 version of Florida Statute, Section 415.1111, to the instant case does not violate the Florida Contract Clause.

Even assuming all of Plaintiff's allegations are true, there is no state action to satisfy Article I, Sections 2 and 9.  There is also no violation of Article I, Section 10.   Therefore, all of Plaintiff's state constitutional claims must be dismissed.

## III.    Plaintiff's State Law Claims

Plaintiff asserts claims for common law fraud and conspiracy to commit fraud.  These are state law claims over which the Court has diversity jurisdiction.

In their motion to dismiss, the Movants suggest Plaintiff is attempting to wrongfully remove the state court action.  (Doc. No. 41, pp. 6-7, filed Aug. 14, 2006).  Plaintiff has conceded that his claim is a defensive response to the state court action pending against him.  (Doc. No. 47, pp. 6-7, filed Sept. 12, 2006).  Moreover, Plaintiff admits that he originally brought all of the claims pending in this action in state court but decided to dismiss the claims in order to pursue a separate federal action.  (*Id.* at pp. 3, 7).  Neither party has specifically briefed the issue, but the presence of the similar state action and the allegation that the Plaintiff is wrongfully attempting to subvert the state court's jurisdiction implicate the issues raised in *Colorado River Water Conservation District v.*

*United States*, 424 U.S. 800 (1976), and its progeny.

### A.   *Colorado River* **Abstention Doctrine**

In *Colorado River*, the Supreme Court reasoned that under "exceptional" circumstances the need for "wise judicial administration" allows a federal court to abstain in favor of a concurrent state court action. *Id.* at 817-818.  The Supreme Court noted that "[o]nly the clearest of justifications will warrant dismissal." *Id.* at 819.  The Supreme Court recognized four factors for federal courts to consider in deciding whether to abstain: (1) whether either court has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained. *Id.* at 818.   In *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983), the Supreme Court revisited the issue of *Colorado River* abstention.  The Supreme Court reasoned that the decision to stay a federal case to is left to the discretion of the district court, but that the district court must apply the *Colorado River* exceptional circumstances test. *Id.* at 19.  In *Moses Cone*, the Supreme Court reaffirmed the *Colorado River* factors and added a fifth factor – whether state or federal law applies. *Id.* at 19-21.  The Eleventh Circuit has interpreted the *Colorado River* doctrine and added an additional consideration – the adequacy of the state court to protect the parties' rights. *Ambrosia Coal & Constr. Co. v. Pagès Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004).  In addition, "'the vexatious or reactive nature of either the federal or state litigation may influence the decision to defer.'" *Id.* quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 17 n. 20.

B.      *Colorado River* **Analysis**

1.      **Parallel Proceedings**

Before embarking on a *Colorado River* analysis, the Court must first determine whether the state and federal cases are truly parallel proceedings. *See id.* at 1330. Parallel proceedings do not have to involve identical parties, issues and requests for relief. *Id.* at 1229. In order for *Colorado River* to be invoked, the state and federal cases must "involve substantially the same parties and substantially the same issues." *Id.* at 1330.

Two cases can involve substantially similar parties even if some defendants present in the federal case are not parties to the state action. *Id.* at 1330. In his federal complaint, Plaintiff alleges Defendant Doychak orchestrated a conspiracy involving the other Defendants to deprive Plaintiff of his property. (Doc. No. 39-1, ¶ 5, filed Aug. 7, 2006). In the state case, Defendant Doychak is suing Plaintiff under Florida Statute, Section 415.1111, and challenging his ownership of the property in question. (*Id.* at ¶¶ 14, 16). According to Plaintiff, the other Defendants named in the federal action are not parties to the state case. (Doc. No. 47, p. 6, filed Sept. 12, 2006). Plaintiff does allege that Defendants Mark B. Davis and UAW Legal Services Plans are involved in the state case because Defendant Doychak's attorney was retained and is supervised by Defendant Davis and is paid by Defendant UAW Legal Services Plan. (Doc. No. 39-1 at ¶¶ 14, 15, 17). However, the Court takes judicial notice that all federal Defendants in the instant case are parties to the state court action. *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439. The Court finds that the parties to the state and federal case are substantially similar.

Plaintiff's Amended Complaint is twenty pages long and consists of forty-eight numbered paragraphs. (*See* Doc. No. 39-1). Eight paragraphs of the Amended Complaint are devoted entirely

to discussion of the state case.  (*See id.* at ¶ 14-20).  It is clear, that the state case filed against Plaintiff is one event in the alleged conspiracy to deprive Plaintiff of his property rights that forms the basis of this federal case.  (*See e.g., id.* at ¶ 5).  The validity of Plaintiff's claim of ownership of the property at issue is the subject of both cases.  Therefore, the issues in the federal and state case are substantially similar.  Consequently, the state and federal cases are parallel proceedings.

**2.    *Colorado River* Factors**

When analyzing the *Colorado River* factors, the Court notes that no single factor is determinative and that the weight given to different factors varies depending on the nature of the case. *Ambrosia Coal & Constr. Co. v. Pagès Morales*, 368 F.3d 1320, 1332 (11th Cir. 2004).  When balancing the factors, "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* quoting *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 16 (1983).

**a.    Jurisdiction Over the Property**

The federal proceeding is in personam, and the Court has not acquired jurisdiction over the property.  There was a lis pendens motion filed in the state case. *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439, Doc. No. 3, filed Nov. 14, 2005.  Therefore, the state case is a proceeding in rem.  Black's Law Dictionary (8th ed. 2004) (lis pendens is defined as "[t]he jurisdiction, power, or control acquired by a court over property while a legal action is pending").  Abstention is appropriate for in rem proceedings to prevent inconsistent dispositions of property.  In order for this Court to grant the Plaintiff the damages he seeks, the Court must find that original deed granting the property to the Plaintiff is valid.  The state court will also have to adjudicate the validity of this deed.  Thus, there is significant potential for inconsistent judgments concerning the ownership of the

property at issue.  Considering that the state has acquired jurisdiction over the property, this factor weighs heavily in favor of staying the federal case.

### b.        Inconvenience of the Federal Forum

The state court proceeding is pending in Brevard County, Florida.  When jurisdiction exists, this Court is the appropriate forum for litigation concerning events occurring in Brevard County, Florida.  The federal forum is just as convenient as the state forum, so this factor is neutral.

### c.        Desirability of Avoiding Piecemeal Litigation

The mere potential for inconsistent results concerning the validity of an agreement is not reason to abstain under *Colorado River*.  *Ambrosia Coal & Constr. Co.*, 368 F.3d at 1333. "Avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Id.* This case involves one piece of property, but the state and federal cases will involve presentation of many of the same facts.  Plaintiff's federal claim will likely form the basis of his defense to the state action, and Defendant Doychak will likely defend this federal action by challenging the validity of the deed granting the property to Plaintiff.

Although the potential for repetition alone is not reason to abstain, there is significant potential that a decision in the state action will moot the issue pending before the Court.  The potential for state court litigation to moot a federal case favors abstention.  *See Jefferson County v. Acker,* 210 F.3d 1317, 1318 n.1 (11th Cir. 2000) (stay denied because no reasonable possibility state case would moot issues before the federal court); *Am. Mfrs. Mut. Ins. Co. v. Edward Stone, Jr. & Assoc.*, 743 F.2d 1519, 1524 (11th Cir. 1984) (reversing stay because "the state court action on which the district court depended in granting the stay probably will not resolve the issues pending

in the federal litigation."). If Defendant Doychak prevails in state court and Plaintiff's deed is declared invalid, then Plaintiff will not be entitled to the damages he is seeking from this Court. Moreover, although Plaintiff claims a set amount of damages, damages based on the value of Plaintiff's property at the time of deprivation and damages based on Plaintiff's mental anguish in defending the state court action cannot be accurately fixed until the state action is completed. Therefore, even if the state action does not moot Plaintiff's federal complaint, this Court will be able to render a more accurate decision regarding the amount of Plaintiff's damages after the conclusion of the state case. The need to avoid piecemeal litigation favors staying the federal case.

### d.     Order in Which the Court Assumed Jurisdiction

The fourth *Colorado River* factor, the order in which the courts assumed jurisdiction, requires considering which action was filed first and the relative progress of each proceeding. *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 21 (1983). In the instant case, this factor weighs in favor of abstention. The federal case remains in the early stages of litigation. This Court recently quashed service on Defendant's Davis and Grigat. The Court is currently deciding Movants' motion to dismiss. The state court action was filed in November 2005. *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439, Doc. Nos. 1-3, filed Nov. 14, 2005. In the state action, Plaintiff's motion to dismiss was denied. *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439, Doc. No. 40, filed May 1, 2006. Significant discovery has occurred. Both Plaintiff and Defendant Doychak have submitted and answered interrogatories, requests for admissions and requests for production of documents. *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439. Plaintiff also asserts that he is preparing a motion for summary judgment. (Doc. No. 47, ¶ 4, filed Sept. 12, 2006). The state court action is much further along than the federal

-14-

action, and there are no facts to indicate that the state court action will not continue to proceed in an expeditious manner.  Therefore, this factor indicates a preference for the state forum.  *Cf. Metmor Fin., Inc. v. Commonwealth Land Title Ins. Co.,* 857 F. Supp 1507, 1517 (M.D. Ala. 1994) *aff'd* 62 F.3d 401 (11th Cir. 1995) (abstention appropriate when extensive discovery and dispositive rulings already occurred in the state case).

### e.      Whether State or Federal Law Applies

The Court dismissed all of the federal claims from Plaintiff's Amended Complaint.  The only claims still pending before the Court are Plaintiff's state law claims for fraud and conspiracy to commit fraud.  Where state law is settled, such as for tort claims, the application of state law alone does not require *Colorado River* abstention.  See *Noonan S., Inc. v. Volusia County*, 841 F.2d 380, 382 (11th Cir. 1998).  Although the state law is settled, questions of Florida property and tort law are better suited for Florida state court.  *Cf. Carringer v. Rodgers*, 331 F.3d 844, 847 (11th Cir. 2003) (federal courts are bound to follow a state court's interpretation of state law).

### f.      Adequacy of the State Court to Protect the Parties' Rights

In the instant case, the state court is capable of adequately protecting all of the parties' rights.  Plaintiff can join all of the federal Defendants in state court.  In fact, Plaintiff originally filed counterclaims against all of the federal Defendants.  *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439, Doc. No. 31, filed Apr. 12, 2006.  Plaintiff claims he dismissed his counterclaims in favor of proceeding in federal court.[4]  (Doc. No. 47, ¶ 6, filed Sept. 12, 2006).  The only issues remaining in this case are questions of state law.  More importantly, Plaintiff's federal complaint

---

[4]       The state court's docket indicates that all of the federal defendants are still parties to the state case.  *See Doychak v. O'Dell et al.,* Case No. 05-2005-CA-068439.

is a compulsory counterclaim in the state action pending against him. Fla. R. Civ. P. 1.170.[5]  The

Florida state court is clearly capable of adequately resolving Plaintiff's fraud claims.

> **g.**      **Reactive or Vexatious Nature of the Federal or State Litigation**

Plaintiff admits his federal suit is reactive in nature and is intended as a defense to the

pending state action.   (Doc. No. 47, p. 6, filed Sept. 12, 2006 ("The best defense is a good

offense.")).  Plaintiff contends that he did not remove the case at the time it was commenced in state

court because the state case only involved Defendant Doychak and he did not know of the

involvement of all Defendants.   (*Id.*)  The presence of the additional federal Defendants, who are

all citizens of Florida, would not affect Plaintiff's ability to remove the case to federal court since

he alleges he is a citizen of Tennessee and all Defendants are citizens of Florida.  Rather than defend

the validity of his deed in state court the Plaintiff withdrew his state claim and filed this action in

federal court.  (*Id.* at p. 7).  The decision to "spurn removal and bring a separate suit in federal court"

is not alone a sufficient reason to dismiss or stay the federal case under *Colorado River.  Gulfstream*

*Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 290 (1988).    However, it is a proper

---

[5]       The doctrine of res judicata bars a party from re-litigating claims that were
already litigated or could have been litigated in a previous case.  *In re Atlanta Retail, Inc.,* 456
F.3d 1277, 1284 (11th Cir. 2006).  A claim is barred by res judicata if the first case resulted in a
final, valid judgment on the merits and the two cases involved the same parties and the same
cause of action.  *Id.* at 1285.  Two cases involve the same cause of action when the two cases
arise out of the same transaction or series of transactions.  *Israel Disc. Bank Ltd. v. Entin,* 951
F.2d 311 (11th Cir. 1992).  If the state case proceeds to judgment, all federal Defendants who are
parties to the state case may raise a res judicata defense to Plaintiff's federal claim regardless of
whether Plaintiff asserts a counterclaim in that proceeding.  Additionally, all such Defendants
may invoke the doctrine of collateral estoppel to prevent Plaintiff from relitigating the issues
litigated and resolved in the state court proceeding.  *Pleming v. Universal-Rundle Corp.*, 142
F.3d 1354, 1359 (11th Cir. 1998).  Collateral estoppel bars the relitigation of an issue in a
subsequent proceeding when the issue is identical to one litigated and decided in the prior
proceeding, if the issue was necessary to the judgment in the first proceeding and the party
against whom estoppel is asserted had a full and fair opportunity to litigate.  *Id.*

consideration.  By his actions, Plaintiff has split one case involving many of the same issues and parties between two courts.  The reactive nature of Plaintiff's federal suit weighs in favor of abstention.

The balance of factors in this case clearly favors abstention.   The two actions are likely to be highly duplicative of one another.  Because both claims involve determination of many of the same facts, there is significant potential for inconsistent judgments if both actions are allowed to proceed.  The dispute is governed entirely by state law, the state court has acquired jurisdiction over the property, and the state court is capable of protecting the parties' rights.   The state case was filed first and has proceeded significantly further than the federal case.   The strong likelihood that the state litigation will moot the federal case, coupled with the highly reactive nature of the Plaintiff's federal complaint, tip the balance in favor of abstention.  Therefore, the Court intends to enter an order staying this case pending the resolution of the state court proceedings and requesting that the parties submit status reports on the progress of the state case every sixty (60) days.

## Conclusion

Based on the foregoing, the Movants' Motion to Dismiss is granted in the following respects:

1.      The Court **DISMISSES** Plaintiff's claims under the Federal Constitution, 42 U.S.C. Sections 1983, 1985(3) and 1986.

2.      The Court **DISMISSES** Plaintiff's claims under the Florida Constitution.

3.      The Court gives notice that it intends to enter an order which **STAYS** this case pending the resolution of the parallel state court proceeding.

4.      Any party may object to this order within ten (10) days from  the date it is entered.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October _19___, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies Furnished to:

Counsel of Record