UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM A. O'DELL,**

          **Plaintiff,**

-vs-                                                                                             **Case No. 6:06-cv-677-Orl-19DAB**

**OLLIE DOYCKAK, HOWARD RAY O'DELL, UAW-LEGAL SERVICES PLAN-567, TARA GRIGAT, MARK B. DAVIS, EXPRESS PARALEGAL SERVICES, INC. , CANDICE L. MIRAVALLE,**

          **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion of Defendants to Dismiss (Doc. No. 66, filed Feb. 24, 2009); and

2. Supplemental Complaint of Plaintiff (Doc. No. 67, filed Mar. 18, 2009).

Plaintiff William A. O'Dell brought this action in May of 2006, alleging that Defendants devised a scheme to execute false deeds which deprived O'Dell of real property located in Brevard County, Florida. (Doc. No. 55 at 2-3, filed Oct. 20, 2006.) Around the same time, Defendants sued O'Dell in the Eighteenth Judicial Circuit of Brevard County. (*Id.*) This Court noted the probable application of the United States Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and advised the parties that it intended to stay the action in federal court. (*Id.* at 9-17.) After rejecting O'Dell's objections, the Court stayed the action on November 9, 2006. (Doc. No. 60, filed Nov. 9, 2006.) Defendants ultimately prevailed in the state trial court and again on appeal.[1] (Doc. No. 66.) They now move to dismiss O'Dell's claims

---

[1]     Defendants attached the Order of the Fifth District Court of Appeal affirming the trial
(continued...)

on the grounds of mootness. (*Id.*) Rather than responding to Defendants' Motion, O'Dell filed what appears to be a second complaint asking the Court to review the state court's decision and to hold several additional defendants, including the state of Florida and the Eighteenth Judicial District Court of Brevard County, liable for damages incurred by their alleged improper conduct during the litigation. (Doc. No. 67.)

A plaintiff must request leave of the court or obtain permission from the defendant to amend a complaint after the defendant has filed an answer. Fed. R. Civ. P. 15(a)(2). O'Dell has not done so, and the pleading filed at docket number 67 must be stricken for this reason. Further, O'Dell has failed to file a memorandum in response to Defendants' dispositive Motion to Dismiss, an omission that alone warrants the granting of the Motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

In any event, Defendants' Motion is well taken. During the stay, the state court adjudicated the exact rights which O'Dell asked this Court to adjudicate in his original federal action filed in 2006. (Doc. Nos. 2, 39, 55, 60-61, 66.) Thus, the original controversy was fully resolved in state court, and dismissal of the federal action is now appropriate. *See Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) (district courts should stay actions when *Colorado River* abstention applies to ensure that the state proceedings actually resolve the issue brought before the federal court).

---

[1](...continued)
court's judgment in their favor. (Doc. No. 66 at 3.) In addition, the Court takes judicial notice that the action was resolved in Defendants' favor. *O'Dell v. Doychak*, 1 So. 3d 340, 340 (Fla. 5th DCA 2009).

O'Dell's amended complaint at docket number 67 is not properly before the Court, but even if it were, the Court could not consider his new claims. To the extent O'Dell now seeks to recharacterize this action as a review of the state court's decision, this Court lacks jurisdiction to review judgments of state courts. *Nicholson v. Shafe*, 558 F.3d 1266, 1270-72 (11th Cir. 2009) (citing *Rooker v. Fed. Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals, v. Feldman*, 460 U.S. 462 (1986)). Although O'Dell invokes federal question jurisdiction for his claims against the state judicial entities, the judiciary is entitled to absolute immunity for conduct that occurred as part of court proceedings. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 431-32 (1993). This doctrine appears to squarely apply to O'Dell's claims. Claims of judicial misconduct should be litigated on direct appeal or presented to the proper state administrative agency.

The Motion of Defendants to Dismiss (Doc. No. 66, filed Feb. 24, 2009) is **GRANTED.** The Court declines to exercise jurisdiction pursuant to *Colorado River Water Conservation District*. 424 U.S. at 800. Thus, this decision is not a ruling on the merits, and dismissal without prejudice is appropriate. *E.g.*, *Moorer*, 374 F.3d at 998. The Supplemental Complaint of Plaintiff (Doc. No. 67, filed Mar. 18, 2009) shall be **STRICKEN** from the record as an unauthorized pleading. The case is **DISMISSED without prejudice** for lack of subject matter jurisdiction, and the Clerk shall close the case file. If Plaintiff seeks further relief, he must initiate a separate proceeding in federal court. Plaintiff is cautioned that costs and attorneys' fees may be awarded against him if he files a frivolous complaint. Federal Rule of Civil Procedure 11(c).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 4, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party